IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kentwan L. Lake,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Ms. Gardener, *(FNU), Kershaw Mental Health Counselor, in their individual or personal capacities*; Mr. Rennick, *(FNU), Former Lt. of Kershaw, in their individual or personal capacities*; Ofc. Trusdale, *(FNU), Officer of Kershaw, in their individual or personal capacities*; Mr. Anderson, *(FNU), Officer of Kershaw, in their individual or personal capacities*; Ms. Salmon, *(FNU), Lt. of Kershaw, in their individual or personal capacities*; Ms. Shannon, *(FNU), Former Nurse at Kershaw, in their individual or personal capacities*; Mr. Eury, *(FNU), Officer of Kershaw, in their individual or personal capacities*; Sgt. Baker, *(FNU), Sgt. of Kershaw, in their individual or personal capacities*,<br><br>　　　　　　Defendants. | C/A No. 0:17-655-DCC-PJG<br><br>**ORDER** |

　　　　Plaintiff Kentwan L. Lake, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court on the plaintiff's motion for appointment of counsel. (ECF No. 63.)

　　　　There is no right to appointed counsel in § 1983 cases. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court may use its discretion to request counsel to represent an indigent in a civil action. See 28 U.S.C. § 1915(e)(1); Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296 (1989). However, such discretion "should be allowed only in exceptional cases." Cook

v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Whether exceptional circumstances are present depends on the type and complexity of the case, and the *pro se* litigant's ability to prosecute it. Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by Mallard, 490 U.S. 296.

Lake requests appointment of counsel based on his inability to afford counsel; his lack of knowledge of the law; his limited access to a law library; the alleged complexities of his case; and his assertion that he is mentally ill, which he alleges will affect his ability to litigate his case. Lake also contends that he is "currently in mental distress" and is not taking medication due to his fear of being poisoned by the staff at the South Carolina Department of Corrections. He attaches a medical record inpatient referral from the Gilliam Psychiatric Center. (ECF No. 63-1.)

Upon review of the file, Lake's filings thus far demonstrate a capacity to present his claims. Based on the pleadings before the court, the plaintiff writes well and appears capable of thoroughly and competently addressing the legal issues. Further, Lake has presented no evidence supporting a finding that any mental health issues would interfere with his ability to prosecute his claims. Accordingly, Lake has shown no exceptional or unusual circumstances presented at this time which would justify the appointment of counsel or that he would be denied due process if an attorney were not appointed, and his motion requesting counsel under 28 U.S.C. § 1915(e)(1) is therefore denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 13, 2018
Columbia, South Carolina