UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kentwan L. Lake,<br><br>    Plaintiffs,<br><br>vs.<br><br>Ms. Gardener, Mr. Rennick, Ofc. Trusdale, Mr. Anderson, Ms. Salmon, Ms. Shannon, Ms. Eury, Sgt. Baker,<br><br>    Defendants. | C/A No. 0:17-cv-00655-DCC<br><br>ORDER |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 55. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On April 13, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 68. Plaintiff filed objections to the Report, and Defendants filed a Reply. ECF Nos. 80, 81.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v.*

*Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in the Report which the Court incorporates by reference. In his Complaint, Plaintiff alleged Defendants exhibited deliberate indifference to his serious medical needs, used excessive force against him, and that his conditions of confinement were unconstitutional. ECF No. 1. He raises four objections to the Report.

***Exhaustion of Administrative Remedies***

Neither party has objected to the Magistrate Judge's finding that Plaintiff exhausted his administrative remedies. *See* ECF No. 68 at 4–7. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Magistrate Judge's consideration of this argument.

***Qualified Immunity***

The Magistrate Judge recommends granting summary judgment to the extent that Plaintiff is suing Defendants in their official capacities on the basis of Eleventh Amendment Immunity. ECF No. 68 at 7. In his objections, Plaintiff recites the Qualified Immunity standard and argues that Defendants are not entitled to Qualified Immunity. ECF No. 80 at 3–4. After reviewing de novo the pleadings, the applicable law, the Report, and the objections, the Court agrees with the Magistrate Judge's recommendation and incorporates

the portion of the Report pertaining to Eleventh Amendment Immunity by reference. This objection is overruled.

***Deliberate Indifference to Serious Medical Needs***

Plaintiff alleges that he was assigned to the Crisis Intervention Unit at Kershaw Correctional Institution on January 7, 2016; after he was denied a blanket, he began slicing at his wrists with a razor blade and threatened to swallow it. Defendant Anderson told him to give him the razor blade and administered chemical munitions. Plaintiff was then taken to the medical department; he was allowed to rinse out his eyes and his lacerations were treated. He contends that he was then placed back in cell without clothes or a blanket, that he requested a shower for the next several days which was denied, and that he developed a rash as a result of not being allowed to wash off the chemical munitions.

The Magistrate Judge recommends granting summary judgment with respect to this claim. She provides a thorough recitation of the applicable law, including the standard for holding a correctional officer liable for deliberate indifference to a plaintiff's serious medical needs, which the Court incorporates here by reference.

In his objections, Plaintiff argues that although he was permitted to wash out his eyes, he still had residue from the chemical munitions on other parts of his body. ECF No. 80 at 5. He contends that he asked all of the Defendants to allow him to take a shower over the next five days and they refused. *Id*. He acknowledges that he had a sink with running water in his cell; however, he states that he was not given hot water or soap, that it would have been difficult to clean the affected area in the sink, and that the cell was cold.

*Id.* at 5–6. Plaintiff asserts that the chemical munitions would reactivate and cause burning. *Id.* at 7.

Upon review of the medical records provided in this case, it appears that Plaintiff was seen by medical staff on the day that he was sprayed with chemical munitions. ECF No. 55-5 at 15–16. He would not respond to questions regarding whether he had any further plans to harm himself. *Id.* He was permitted to use an eyewash fountain and was taken back to his cell. *Id*; *see also* ECF No. 55-7. Plaintiff was seen the following day and on January 9, 2018, on follow-up sick calls and stated that he wanted to wash something off of his skin. *Id.* at 15. It appears that he first reported a rash on January 19, 2018, and was told to apply a cool compress and was given a hydrocortisone cream.[1] *Id.* at 12.

Plaintiff contends that he was not allowed to wash off the chemical munitions but he does not dispute that he had a sink with running water in his cell. As explained by the Magistrate Judge, his decision not to use the sink because of its temperature does not state a constitutional violation. *See Mann v. Williams*, No. 0:14-cv-1647-RMG, 2015 WL 5165152, at *2 (D.S.C. Sept. 2, 2015) (finding no constitutional violation under Fourth Circuit precedent when inmate was seen by medical personnel soon after the use of chemical munitions and was allowed to flush his face with cold water for several minutes, even though the inmate did not have soap and the water to his cell was turned off after the

---

[1] It appears to the Court, and Plaintiff has not denied, that his rash appeared after he had been permitted to shower and that he was promptly treated for the rash. Accordingly, any objection to a finding that Defendants were deliberately indifferent to his serious medical needs with respect to the rash are overruled.

nurse left); *Taylor v. Guthurter*, No. 10-cv-967-GPM, 2011 WL 1792268, at *7 (S.D. Ill. May 10, 2011) (finding no constitutional violation where an inmate was not provided a shower after being subjected to chemical munitions, but inmate failed to allege that his cell was without running water or that he lacked any means to clean himself of the chemical munitions); *Brown v. Walker*, No. 9:09-cv-3064-RMG-BM, 2010 WL 4484185, at *5 (D.S.C. Oct. 6, 2010) (finding no constitutional violation where inmate was provided running water to wash off chemical spray), *adopted by* 2010 WL 4482100 (D.S.C. Nov. 1, 2010); *Jackson v. Morgan*, 19 F. App'x 97, 102 (4th Cir. 2001) (finding an inmate's decontamination was "adequate" where he was allowed to "flush[ ] his face and head with running water").[2] Accordingly, Plaintiff's objection is overruled.

***Conditions of Confinement***

Plaintiff alleges that his constitutional rights were violated with respect to his conditions of confinement. ECF No. 1. Specifically, Plaintiff contends that he was denied a blanket[3] and clothing in a cold cell when he was assigned to the Crisis Intervention Unit which caused him to experience numbness and panic attacks; he further contends that he was denied a shower for five days after chemical munitions were deployed against him which caused a skin rash. *Id*. The Magistrate Judge recommends that summary judgment

---

[2]Plaintiff attempts to distinguish this line of cases from the facts in his case by stating that "these cases pertain to an inmate who never complained of further assistance to clean himself from the pepper spray, and who were only administered pepper spray to their facial areas." ECF No. 80 at 6. Upon review of the applicable caselaw, the Court finds that there is no basis for Plaintiff's argument.

[3]Plaintiff concedes that he was without a blanket for less than one day. ECF No. 1 at 5.

5

be granted for Defendants with respect to this claim because Plaintiff failed to demonstrate that he suffered a serious or significant physical or mental injury or that there was a substantial risk of such serious harm as a result of the alleged conditions. *See* ECF No. 68 at 15. The Magistrate Judge determined that the medical staff properly responded to Plaintiff's complaints as they were brought up, that Plaintiff did not inform the medical staff that he was experiencing numbness, that Plaintiff failed to show that Defendants had knowledge of and disregarded a substantial risk of serious injury based on his conditions of confinement, and that no reasonable jury could find that Defendants acted with deliberate indifference with regard to Plaintiff's allegations and violated his constitutional rights. *Id.* at 16. After reviewing the pleadings, the applicable law, and the Report, the Court respectfully disagrees with the Magistrate Judge's findings.

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," protects inmates from inhumane treatment and conditions during incarceration. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an Eighth Amendment claim that a prisoner was not provided humane conditions of confinement, the prisoner must prove two components: "(1) that the deprivation of [a] basic human need was objectively sufficiently serious, and (2) that subjectively the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (alterations in original) (internal quotation marks omitted). "[T]he constitutional prohibition against the infliction of cruel and unusual punishment does not mandate comfortable prisons, and only those deprivations denying the minimal civilized

measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (internal quotation marks omitted). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta*, 330 F.3d at 634. "In order to demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (internal quotation marks and citations omitted).

Viewing the facts and drawing all reasonable inferences in a light most favorable to Plaintiff, as it must, the Court finds that Plaintiff has alleged facts sufficient to create a genuine issue of material fact with respect to this claim. Regarding the objective component of the Eighth Amendment analysis, Plaintiff has alleged that he suffered from panic attacks and numbness and developed a rash as a result of the conditions of his confinement.

With respect to the subjective component, liberally construing the Complaint, Plaintiff alleges that Defendants Anderson and Gardener were aware that he was experiencing physical symptoms as a result of his conditions of confinement. ECF No. 1 at 5. The Magistrate correctly notes that Plaintiff's medical records show no recorded complaint regarding being cold or experiencing any numbness. ECF No. 68 at 16. However, Plaintiff has alleged that Defendants Anderson and Gardener knew that he was experiencing

7

symptoms from the cold conditions before he was given a blanket.  See ECF Nos. 1; 80 at 11.  Further, Defendants fail to assert that the temperature of the cell changed after Plaintiff was given a blanket such that he could comfortably use the blanket as a towel or a washcloth in order to use the sink in his cell to clean off the chemical munitions.  Accordingly, it appears to the Court that this is only evidence that Plaintiff may have had to choose between experiencing numbness and panic attacks from the cold because he used his blanket to help clean off the chemical munitions or keeping warm but not being able to wash off the chemical munitions.  Based upon the record before this Court, and in light of the totality of the circumstances, the undersigned concludes that there remains a genuine issue of material fact with respect to this claim as against Anderson and Gardener and respectfully declines to adopt this portion of the Report.

***Excessive Force***

Plaintiff alleges that Defendant Gardener inflicted excessive force against him by denying Plaintiff a shower and a blanket.[4]  ECF Nos. 1; 62 at 9–10.  The Magistrate Judge determined that Plaintiff could not show that Gardener acted with any force against him; moreover, even assuming without deciding that Gardener's actions could be considered excessive force, in examining the totality of the circumstances, no reasonable jury could find that Gardener acted maliciously and sadistically to cause physical pain in light of the

---

[4]As noted in the Report, Plaintiff clarified that he intended to raise a claim for excessive force against Defendant Anderson for his use of chemical munitions and the Magistrate Judge allowed for supplemental briefing.  See ECF No. 18 n. 3; *see also* ECF No. 62 at 8–9.  Accordingly, this claim will be addressed in a subsequent Report and Order.

reasonably perceived threat Plaintiff posed to himself.  ECF No. 68 at 18.  Plaintiff objects to the Magistrate Judge's finding and argues that he has produced enough evidence to satisfy the subjective and objective components of his excessive force claim.  ECF No. 80 at 13–16.

Upon review of the pleadings, the applicable law, the Report, and the objections, the Court agrees with the findings of the Magistrate Judge and overrules this objection.  There is no indication in the record that Gardener used force maliciously and sadistically to cause harm.  *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *see also Whitley v. Albers*, 475 U.S. 312, 322 (1986) (listing four factors to consider when deciding whether a defendant showed wantonness in the infliction of pain).

Therefore, the Court adopts in part and respectfully declines to adopt in part the Report as set out in this Order.  Defendants' Motion for Summary Judgment is **GRANTED in part** with respect to Plaintiff's claims against Defendants in their official capacities, Plaintiff's claim for deliberate indifference to serious medical needs, Plaintiff's claim for excessive force against Defendant Gardener, and Plaintiff's conditions of confinement claim against Defendants Rennick, Trusdale, Salmon, Shannon, Eury, and Baker.  Defendants' Motion for Summary Judgment is **DENIED in part** with respect to Plaintiff's conditions of confinement claim against Defendants Anderson and Gardener.  Plaintiff's claim for excessive force against Defendant Anderson remains pending.

IT IS SO ORDERED.

August 7, 2018                                    s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina              United States District Judge