UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Kentwan L. Lake, | ) C/A No. 0:17-cv-00655-DCC |
|---|---|
| Plaintiffs, | ) |
| vs. | ) ORDER |
| Ms. Gardener and Mr. Anderson, | ) |
| Defendants. | ) |

This matter is before the Court on Defendant's Motion for Reconsideration of the Court's Order entered August 7, 2018 ("the August Order"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 95. Specifically, Defendant seeks reconsideration of the Court's decision in the August Order, ECF No. 93, granting in part and denying in part Defendants' Motion for Summary Judgment, ECF No. 55. Plaintiff filed a Response in Opposition to the Motion for Reconsideration and Defendants filed a Reply. ECF Nos. 100, 107. For the reasons stated below, the Court denies Defendant's Motion for Reconsideration.[1]

---

[1] The Report and Recommendation issued by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) contains a thorough recitation of the relevant factual and procedural background of this matter and is incorporated herein by reference. *See* ECF No. 87 at 1–5.

# APPLICABLE LAW AND ANALYSIS

*Rule 59(e)*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

*The Court's Review*

In their Motion, Defendants do not make any arguments for reconsideration referencing either an intervening change in controlling law or new evidence previously unavailable. Therefore, the Court construes Defendants' Motion as seeking reconsideration on the basis that it would be a clear error of law or manifest injustice if the

Court failed to reverse its decision denying in part Defendants' Motion for Summary Judgment.

*Serious or Significant Physical or Emotional Injury*

In the August Order, the Court found that Plaintiff's evidence raised a genuine issue of material fact with respect to his conditions of confinement claim against Defendants. Defendants contend that the Court erred because Plaintiff failed to allege a sufficiently serious injury. Specifically, they assert that Plaintiff's rash was treated successfully with hydrocortisone cream; that whether his cell was cold is a subjective determination and that he was not treated for any physical manifestations for exposure to cold; and that Plaintiff's panic attacks could have been caused by his documented history of mental illness, rather than the conditions of confinement. The Court disagrees. *See Malik v. Ozmint*, 2008 WL 426653-BHH (D.S.C. Feb. 14, 2008) (stating that "[e]ven modestly cold temperatures can be difficult to endure over an extended period of time" and holding that the plaintiff had failed to state a conditions of confinement claim based on the low temperature of his surroundings where he had been issued one jumpsuit, one pair of underwear, one pair of tennis shoes, two t-shirts, one jacket, and one wool blanket but was denied a second blanket). The Court further notes that Defendants have not offered any evidence as to what temperature the cell was at the time, and the event at issue in this case took place in January. *See Lewis v. Lane*, 816 F.2d 1165, 1166, 1171 n. 10 (7th Cir.1987) (setting aside summary judgment where prisoners alleged heat was maintained at an unreasonably low temperature during winter months and that the lack of heat "produce[d] physical

3

discomfort"); *see also Wilson v. Seiter*, 501 U.S. 294, 304–05 (1991) (explaining that, with respect to showing whether prison conditions objectively pose a significant risk of serious harm, "some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets").

Defendants appear to argue that Plaintiff's panic attacks are not sufficiently serious because he has a documented history of mental illness or that it cannot be determined that any panic attack was the result of cold because he has other mental health issues. In light of the standard applicable to a motion for reconsideration, the Court disagrees with Defendants' argument with respect to Plaintiff's panic attacks without further comment.

### *The Court Relied on Unsupported Allegations*

Defendants next argue that the Court erroneously relied on unsupported allegations by Plaintiff. Defendants contend that Plaintiff fails to provide any evidence regarding whether the cell was cold or that Defendants knew that he was experiencing symptoms from the cold.

Regarding whether Defendants were aware that Plaintiff was experiencing symptoms from the cold, the Court again concludes that there remains a genuine issue of

4

material fact.[2] Plaintiff has alleged that he informed Defendants that the cell was cold and that he needed a blanket and Defendants contend that he did not. Their argument that Plaintiff did not request medical treatment for any exposure-related illness is relevant but not dispositive to this claim. Accordingly, Defendants' Motion to Reconsider is denied with respect to this claim.

*Qualified Immunity*

Defendants contend that the Court did not address its argument for Qualified Immunity. The Court agrees and rules on this argument here.

As an initial matter, the Court notes the Defendants' lengthy but unnecessary recitation on the difference between Qualified Immunity and Eleventh Amendment Immunity. Defendants are correct that the Court labeled its discussion of Eleventh Amendment Immunity as Qualified Immunity. As explained in its August Order, the Court addressed Plaintiff's objections which included a section labeled "Qualified Immunity." The Report did not contain a discussion of Qualified Immunity to which Plaintiff could object; accordingly, liberally construing his objections, the Court construed his objection as to the Magistrate Judge's discussion of Eleventh Amendment Immunity. In light of his pro se status, the Court attempted to make its Order easier for Plaintiff, a pro se incarcerated inmate, to follow. To be clear, the Court's delineation of qualified immunity and Eleventh

---

[2] The Court notes that throughout their Motion for Reconsideration, Defendants assert that the Court has made various conclusions crediting Plaintiff's version of events. The Court would remind Defendants that, at this procedural posture, the Court has merely found that there exists a genuine issue of material fact sufficient to survive a motion for summary judgment.

5

Amendment Immunity was structural, not substantive.

Turning to the question at hand, qualified immunity offers complete protection "from liability for civil damages" for government officials sued in their individual capacities as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 572 U.S. 650, 655 (2014). "The first asks whether the facts, '[t]aken in the light most favorable to the party asserting the injury, . . . show the officer's conduct violated a [federal] right [.]'" *Id*. (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "The second prong of the qualified-immunity analysis asks whether the right in question was 'clearly established' at the time of the violation." *Id*. at 1866 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). For the second prong, "'the salient question . . . is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged conduct was unconstitutional.'" *Id*. (quoting *Hope*, 536 U.S. at 741). "Courts have discretion to decide the order in which to engage these two prongs." *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

A finding of qualified immunity may indeed be appropriate as more facts are established, but not at this juncture. *See Tolan*, 572 U.S. at 656 (holding that "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment); *Vathekan v. Prince George's Cty.*, 154 F.3d 173, 179–80 (4th Cir. 1998) (denying summary judgment where disputed facts existed as to events surrounding the alleged constitutional

violation).

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration of the Order entered on August 7, 2018 [95] is GRANTED in part and DENIED in part. Defendants' Motion for Summary Judgment [55] is DENIED with respect to qualified immunity.

IT IS SO ORDERED.

                                                            s/ Donald C. Coggins, Jr.
                                                            United States District Judge

February 13, 2018
Spartanburg, South Carolina