UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kentwan L. Lake, | C/A No. 0:17-cv-00655-DCC |
| Plaintiffs, | |
| vs. | |
| | ORDER |
| Ms. Gardener, Mr. Rennick, Ofc. Trusdale, Mr. Anderson, Ms. Salmon, Ms. Shannon, Ms. Eury, Sgt. Baker, | |
| Defendants. | |

This matter is before the Court on a Supplemental Motion for Summary Judgment by Defendant Mr. Anderson. ECF No. 76. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 21, 2018, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 101. Plaintiff filed objections to the Report, Defendant Anderson filed a Reply, and Plaintiff filed a Sur-Reply. ECF Nos. 108, 111, 115.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court

will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge provides a thorough recitation of the facts of this case and the applicable law in the Report which the Court incorporates by reference. The only claim at issue is Plaintiff's allegations of excessive force against Defendant Anderson. Tha Magistrate Judge recommends granting Defendant Anderson's Motion for Summary Judgment; she determined that the evidence in the record establishes that Defendant Anderson's use of chemical munitions did not violate Plaintiff's constitutional rights in light of the reasonable perception of a threat.

Plaintiff objects to the Magistrate Judge's conclusion. He contends that Defendant Anderson's use of insulting language is evidence that he intended to punish Plaintiff. Further, he argues that Defendant Anderson continued spraying him with chemical munitions for an extended period of time.

Upon review of the pleadings, the applicable law, the Report, and the objections, the Court agrees with the findings of the Magistrate Judge and overrules this objection. With respect to Plaintiff's argument that Defendant Anderson's language is evidence of his intent to punish, the Court agrees with the Magistrate Judge's conclusion that these comments are evidence that Defendant Anderson attempted to resolve the issue with verbal directives

before employing force. Regarding Plaintiff's allegation that Defendant Anderson deployed more chemical munitions than necessary, the Court finds that allegation is not supported by the record and agrees with the Magistrate Judge that the amount of chemical munitions[1] deployed appears to have been tempered in severity to the circumstances and within constitutional standards. *See Robinson v. S.C. Dep't of Corr.*, C/A No. 5:10-2593-HMH-KDW, 2012 WL 851042, at *7 (D.S.C. Mar. 23, 2012) (adopting Report and Recommendation finding "two short bursts of chemical munitions" totaling 31 grams to be a small amount that was not unconstitutionally excessive); *Plummer v. Goodwin*, C/A No. 8:07-2741-TLW-BHH, 2010 WL 419927, at *7 n.4 (D.S.C. Jan. 29, 2010) (adopting Report and Recommendation finding the use of 33.5 grams of chemical munitions to be "not constitutionally relevant"). There is no indication in the record that Defendant Anderson used force maliciously and sadistically to cause harm.[2] *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *see also Whitley v. Albers*, 475 U.S. 312, 322 (1986) (listing four factors to consider when deciding whether a defendant showed wantonness in the infliction of pain).[3]

---

[1] Plaintiff appears to object to the affidavit of Colie Rushton. He fails to provide any support for his objection; accordingly, his objection to her affidavit is overruled.

[2] The Court makes no finding as to the severity of the injury as it is unnecessary at this procedural posture. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that a plaintiff alleging a violation of his Eight Amendment right must demonstrate: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind").

[3] Plaintiff's Sur-Reply focuses on whether Defendant Anderson is entitled to Qualified Immunity. Because the Court grants the Supplemental Motion for Summary Judgment based on the merits, it is unnecessary to determine whether he is entitled to Qualified Immunity with respect to excessive force.

Therefore, the Court adopts the Report of the Magistrate Judge. Defendant Anderson's Supplemental Motion for Summary Judgment is **GRANTED**.

IT IS SO ORDERED.

| | |
|---|---|
| February 13, 2019 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |